No. 84-87

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

LLOYD KNUDSEN,

        Plaintiff and Appellant,

  -vs-

THOMAS A. TAYLOR,

        Defendant and Respondent.

APPEAL FROM: District Court of the Seventeenth Judicial District,
In and for the County of Phillips,
The Honorable Leonard Langen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Harrison, Loendorf & Poston; Jerome Loendorf,
        Helena, Montana

    For Respondent:

        Morrison, Barron & Young; Chris R. Young,
        Havre, Montana

Submitted on Briefs: June 28, 1984

Decided: August 9, 1934

Filed: AUG 9 1984

*Ethel M. Harrison*
———————————————————————
            Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Lloyd Knudsen appeals from the post-trial order of the District Court, Seventeenth Judicial District, Phillips County, striking from his cost bill his attorney fees which he sought against Thomas A. Taylor.

The single issue on this appeal is whether Knudsen is entitled to attorney fees under section 70-17-112(5), MCA. The District Court held that in this case Knudsen is not so entitled. We affirm the District Court.

This is not a case in which a trial transcript must be provided, and so we glean the facts involved from the court records and from the undisputed facts in the briefs of the parties.

Lloyd Knudsen is the owner of Ester Irrigation Ditch, through which he diverts water from Big Warm Creek to his farmlands in Phillips County.

Ester Ditch crosses lands owned by Thomas A. Taylor on which he operates a farm and ranch business.

Taylor brought an action against Knudsen, claiming that Knudsen failed to maintain his ditches properly and allowed weeds, brush, willows and beaver dams and other obstructions to accumulate in the Ester Ditch so that it would not drain or flow water properly and causing seepage to occur to Taylor's lands. He also complained that Knudsen had removed culverts which Taylor had placed in Ester Ditch for the purpose of providing a crossing over the ditch from one portion of Taylor's farm premises to the other. Knudsen filed a separate complaint against Taylor alleging that

Taylor had violated section 70-17-112, MCA, by encroaching on or impairing Knudsen's easement for his irrigation ditch; that Taylor's actions constituted a private nuisance and further that Taylor had assaulted Knudsen for which assault Knudsen sought compensatory and punitive damages. Taylor cross-claimed for assault against Knudsen.

The cases were consolidated. Each party had also sought injunctive relief. The court submitted issues to the jury by special interrogatory, and reserved the injunctive issues for its own decision.

In the special verdict, the jury found that Knudsen was entitled to damages against Taylor for the loss of crops in the sum of $10,000.00; that Knudsen was not entitled to damages for repairing the Ester Ditch; that he was not entitled to damages for the alleged assault; that Taylor was not entitled to damages against Knudsen for seepage; but that Taylor was entitled to damages from Knudsen for the two culverts which Knudsen had removed after Taylor installed them, in the sum of $666.48; and that Taylor was not entitled to damages for the alleged assault.

Based on the jury verdict, the court entered judgment against Taylor in the net amount of $9,333.52, together with costs and disbursements. Knudsen submitted a cost bill which included attorney fees in the sum of $7,013.12. The District Court denied the attorney fees and a claim for a transcript for testimony, and then retaxed costs in the sum of $525.22 in favor of Knudsen.

The court then entered its order granting injunctive relief. It made findings of fact. The District Court found that the servient owner (Taylor) had a need for a crossing over Ester Ditch for himself, his family, his employees, to

take machinery back and forth across the ditch; that there had been a seepage of water from Ester Ditch which had not yet caused damage to Taylor's crops; that the seepage could be minimized by keeping the ditch banks in good repair and by repairing the damage to the ditch banks caused by beavers. The District Court determined as a conclusion that the dominant owner (Knudsen) has the duty to regulate the flow of water through the headgate which carries the water from Big Warm Creek into Ester Ditch and that it was Knudsen's duty and responsibility to insure that the water entering the ditch would not overflow the ditch bank. The District Court also concluded that the servient owner (Taylor) had the right to install a crossing culvert in the ditch, provided that he constructed, installed and maintained that culvert or bridge in such a manner that it would not interfere with or obstruct the flow of water through the ditch or conflict with the purpose or character of Knudsen's easement.

Based on those facts and conclusions, the District Court permanently enjoined Knudsen from allowing more water to pass through the headgate into Ester Ditch than the ditch could carry that might result in water overflowing the ditch banks; from failure to maintain the ditch so as to minimize water seepage and from interfering with Taylor's right to install, construct and maintain a crossing culvert across Ester Ditch. The District Court also enjoined Taylor permanently from obstructing the flow of water through Ester Ditch, and from any failure to install or construct a culvert or bridge that would not interfere with the flow of water through Ester Ditch.

Knudsen's claim for attorney fees arises under these provisions of section 70-17-112, MCA:

"(2)   No person may encroach upon or otherwise impair any easement for a canal or ditch used for irrigation or any other lawful, domestic or commercial purpose, including carrying return water.

". . .

"(5)   If a legal action is brought to enforce the provisions of this section, the prevailing party is entitled to costs and reasonable attorney's fees."

Knudsen contends that here he brought an action to enforce the provisions of section 70-17-112(2), MCA; that he is the prevailing party because he received a net judgment (E.C.A. Environmental Management Services, Inc. v. Toenyes (1984), 679 P.2d 213, 218, 41 St.Rep. 388, 393); and that section 70-17-112(5), MCA, is not subject to interpretation where attorney fees are concerned.

As the District Court noted, the return of the jury to the interrogatories of the special verdict is inconsistent in one respect. Knudsen had claimed damages to crops in the sum of $117,000. The jury reduced this figure to $10,000. Yet the award of damages would indicate an opinion on the part of the jury that Taylor had improperly impeded the flow of water through the Ester Ditch so as to damage Knudsen's crops. However, the jury also found that Taylor was entitled to install the culverts because the jury awarded Taylor damages for the culverts which Knudsen had removed.

In our judgment, this controversy arises out of a misinterpretation by each party of the other party's rights, or a misapplication of his own rights.

Knudsen assumed that he had a right to the flow of water through the Ester Ditch without any encroachment of any kind on the part of Taylor. Therefore, when Taylor installed the crossing culverts in the Ester Ditch, Knudsen went upon Taylor's lands and tore out the culverts.

- 5 -

Taylor insisted on his right to place a crossing culvert in the Ester Ditch but did not install culverts large enough to permit the unimpeded flow of water to Knudsen's lands or to permit the water from running over the sides of the culvert thus damaging the ditch. The result was that Knudsen suffered more monetary damages than did Taylor, but each sustained damages by reason of the other party's failure to grasp fully their respective rights and responsibilities concerning the ditch.

The injunctive order issued by the District Court is a victory and a loss for both sides. Knudsen prevailed in his contention that the culvert must be of sufficient size to carry fully the water from the headgate passing through the Ester Ditch. Taylor prevailed in that his right to install such crossing culverts was recognized in this case. In such circumstances, we determine that the District Court was correct in finding in effect there was no prevailing party in the cause in the contemplation of section 70-17-112(5), MCA, and properly denied attorney fees.

Affirmed.

John C. Sheehy
Justice

We Concur:

Frank I. Haswell
Chief Justice

John Conway Harrison

_____

_____

_____
                Justices

Mr. Justice Frank B. Morrison, Jr., dissents as follows:

In my opinion the relevant statute, section 70-17-112(2)(5), MCA, controls and allows attorneys' fees. Knudsen did in fact institute an action to prevent Taylor from impairing his ditch right. Knudsen was successful. It makes no difference that the jury awarded Taylor the value of his culverts. Even if the culverts were improperly installed, Taylor may well be entitled to damages for the destruction of the culverts. This in no way detracts from the fact that Taylor was found to have improperly impeded the flow of water through the Ester Ditch and Knudsen was awarded damage for such improper conduct on the part of Taylor. The clear language of the statute authorizes attorneys' fees under these circumstances.

I would reverse the order of the District Court and grant attorneys' fees to Knudsen.

Justice