No. 83-560 a

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

JACK HUGO PARCEL,

            Plaintiff and Appellant,

    -vs-

MERLIN W. MYERS, et. al.,

            Defendants and Respondents.

---

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable R. D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Mark L. Stermitz, Stanford, Montana

    For Respondents:

        William E. Berger, Lewistown, Montana
        Hauge, Ober & Brown, Havre, Montana

---

                Submitted on Briefs: Nov. 29, 1984

                    Decided: December 28, 1984

Filed: DEC 28 1984

Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Parcel appeals from that portion of the judgment entered by the District Court of the Tenth Judicial District denying him an award for costs and attorney fees.

Appellant, Jack Hugo Parcel, filed a complaint on February 2, 1981, requesting reformation of a contract for deed for his purchase of real estate and also asserting claims of fraud and negligent misrepresentation against the Myers, sellers, and William Smith and Ronald F. Bastin, surveyors responsible for the subject defective legal description. Parcel claimed $10,000 in damages and $25,000 in punitive damages under his fraud claim. Bastin and Smith filed a motion to dismiss the fraud claim against them. The trial court dismissed appellant's action against the surveyors with prejudice when appellant failed to respond to this motion to dismiss. Myers answered, counterclaimed and cross-claimed against Bastin and Smith for indemnity. All motions to dismiss and motions for summary judgment filed by respondents and third party defendants were denied.

The action was tried to the court on January 31, 1983. Findings, conclusions and judgment thereon were filed on December 13, 1983. The district judge reformed the contract for deed in the amount of $1,500, denied all other claims against Myers, ordered all parties responsible for costs and attorney fees, but failed to rule on the third party action. Parcel appeals only on the issue of attorney fees and costs.

Jack Parcel purchased a parcel of real estate from Merlin and Marcia Myers on or about July 9, 1979. The buy-sell agreement described the property as "Merlin W. Myers home consisting of house, shop and 11.57 acres more or less immediately west of Lewistown." Negotiations on the purchase

2

price and the conditions of the buildings required three buy-sell agreements to be drafted before the final contract for deed was executed in August 1979. No purchase price per acre was ever the subject of negotiations nor were per acre terms printed on the face of the final buy-sell agreement or the resultant contract for deed.

Parcel required that Myers have a new certificate of survey prepared and recorded within a reasonable time after the closing of the transaction. Parcel's requirement of a survey as condition of the sale, was to assure him that Myers had clear title and ownership of the property within the fences which were represented to Parcel as the boundaries of the land he was purchasing. Smith completed the survey a few days prior to the signing of the contract for deed. Since Smith was unlicensed, Bastin certified the survey legally correct in all respects. Parcel confirmed that the description on the survey matched the legal description on the contract for deed prior to closing the sale. The survey indicated that the property contained 11.46 acres instead of the 11.57 acres represented on the buy-sell document. Parcel consummated the land purchase despite this .11-acre deficiency.

Parcel was first alerted to a problem in the legal description of his property in the fall of 1980 when he received his tax statement which represented his ownership of slightly more than 12 acres. After investigation, he discovered the certificate of survey drafted by Smith and certified by Bastin was in error. Description of the property on the defective survey commenced at the edge of the county road (the southern boundary) which was 30 feet north of the true point of beginning, the center line of the county right-of-way. The actual measurements conformed to the true

3

boundaries of the property had the proper starting point been referenced. The result is that a strip of land thirty feet wide and approximately seven hundred feet long was included on the northern edge of the property, to which Myers did not have title and could not convey. Bastin did not supervise Smith's field work, nor did he confirm the accuracy of the survey prior to his certification.

Minus that area reserved for the right-of-way, the area within the fence contained 10.86 acres. Parcel filed an action to have the contract for deed reformed so as to represent the proper legal description of the land he purchased and show a reduction of the sales price to reflect the decrease in acreage. Parcel filed claims against both Myers and the surveyors, Bastin and Smith, for negligent misrepresentation of the total acreage. The district judge denied Parcel's damage claims, but reduced the sales price $1,500. All parties were responsible for individual costs and attorney's fees.

The issue on appeal is whether it was an abuse of discretion for the District Court to order each party to bear his own costs and attorney fees.

Appellant claims a statutory right to costs pursuant to § 25-10-101(3) and (5), MCA, since the case involves title to real property which resulted in an award of $1,500. We disagree. The specific language of the statute provides:

> "When costs allowed, of course, to plaintiff. Costs are allowed, of course, to the plaintiff upon a judgment in his favor in the following cases:
>
> " . . .
>
> "(3) in an action for the recovery of money or damages, exclusive of interest, when plaintiff recovers over $50;
>
> " . . .

4

"(5) in an action which involves the title or possession or right of possession of real estate . . ." (emphasis added)

In this case, the "judgment in his favor" was a $1,500 reformation of the contract purchase price, and not an action involving the title to the property subject to the contract or a damage action.

Appellant correctly argues that allocation of costs are left to the discretion of the District Court in those actions not mentioned in § 25-10-101, MCA. An award of costs in an action to reform a contract is discretionary. We find no abuse of the District Court's discretion to order all parties responsible for their own costs and attorney's fees.

Appellant fortifies his argument with the contention that since he is the prevailing party, costs and attorneys fees are recoverable. The general rule in Montana is that absent a statutory or contractual provision, attorney fees are not recoverable. Sliters v. Lee (1982), 197 Mont. 182, 641 P.2d 475. Furthermore, this Court recently held that there is no prevailing party where both parties gain a victory but also suffer a loss. Knudsen v. Taylor (1984), 685 P.2d 354, 357, 41 St.Rep. 1490, 1493. Parcel prevailed on reformation of contract but lost on all other allegations against Myer and the surveyors. Likewise, Myer won on the fraud and negligent misrepresentation actions against him, and concurrently lost on the issue of reduction of the purchase price. The trial court's order that each party bear his own costs and attorney's fees was proper.

The District Court did not make a ruling on the third party action and there is no judgment for this Court to review. We remand for a hearing to determine the liability of third party defendant to third party plaintiff.

5

Judgment of the District Court reforming purchase price by a $1,500 reduction and ordering all parties to bear costs and attorney's fees is affirmed. Liability of third party defendant is remanded for determination.

_____
Justice

We concur:

_____

_____

_____
Justices

6