No. 83-560 $b$

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

JACK HUGO PARCEL,

        Plaintiff and Appellant,

  -vs-

MERLIN W. MYERS, et al.,

        Defendants and Respondents.

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable R. D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Mark L. Stermitz; Law Office of John R. Christensen,
        Stanford, Montana

    For Respondents:

        William E. Berger; Wilkins & Berger, Lewistown,
        Montana
        Hauge, Ober & Brown, Havre, Montana

Submitted on Briefs: Nov. 29, 1984

Decided: March 20, 1985

Filed: MAR 20 1985

_Ethel M. Harrison_

———————————————————————
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the opinion of the Court.

Myers, respondent/cross appellant, appeals from that portion of the District Court judgment which reduced the purchase price of the contract for deed in favor of Parcel, appellant.

Parcel brought an action against Myers for reformation of the contract for deed containing a defective legal description. Parcel's action against the surveyors responsible for the erroneous survey was dismissed with prejudice due to Parcel's failure to respond to surveyors' motion to dismiss. Finding no liability of defendants to plaintiffs, the trial court reformed the contract by correcting the legal description and reducing the purchase price. Parcel's appeal from denial of fees and costs is addressed in our first opinion published in Parcel v. Myers (Mont. 1984), ____ P.2d ____, 41 St.Rep. 2426. This supplemental decision discusses Myers' cross appeal.

Jack Parcel purchased approximately eleven acres from Merlin and Marcia Myers in 1979. The contract for deed required Myers to have a survey of the subject property prepared and a certificate of survey recorded. Parcel had the requisite survey prior to closing when the contract for deed was executed.

Error in the legal description of the real estate resulted from the surveyor using the edge of the adjacent county road as the starting point of the description instead of the center line. This mistake shifted the otherwise correct description of the land thirty feet to the north. Pursuant to this defective certificate of survey, the Myers contracted to convey a strip of land, thirty feet wide and

approximately 700 feet long, which belonged to their neighbor to the north.

Parcel brought an action against Myers to have the legal description corrected and the contract price reduced commensurate with that thirty foot wide strip of land which the Myers did not have merchantable title to convey. The district court judgment reformed the contract to correctly describe the land conveyed and reduced the total purchase price in the amount of $1,500.

The singular issue in this cross-appeal is:

1. Whether the sale of the property was "in gross" barring appellant's entitlement to reformation of the contract for deed by reduction of purchase price.

At the outset of our discussion, we mention that appellant does not address this issue in either the original brief or a reply brief. Technically, the matter could be resolved by default in favor of respondent/cross appellant.

Myers contends that the real estate transaction was a sale in gross which does not entitle the purchaser to any reduction in the total purchase price. We agree.

The trial court's findings and conclusions on this issue are internally inconsistent and warrant reversal. Although the specific term "in gross" is not used in the language of its decision, the trial judge clearly described a bulk real estate transaction between Parcel and Myers in its findings.

In Finding No. V the trial court found:

> "That Defendants and/or their agent represented to Plaintiff the property to be conveyed was within the existing fences, excluding the County Road right-of-way."

Followed by Finding No. VI which reads:

> "That Plaintiff reasonably entitled to, and did, rely upon the representations of said boundaries."

The trial court's most convincing description of a real estate transaction "in gross" is found in Finding No. XIII which provides:

"Plaintiff looked at the property with Mr. Homer Huges at least three (3) times. They walked the property. The property is fenced on its borders and Mr. Huges explained to Plaintiff, 'you are looking at what you get.' There was no conversation about price per acre. Negotiations were primarily about the total purchase price and buildings."

After this unambiguous description of a bulk sale of real estate, the trial court contradicted well-established principles of law and ordered a $1,500 reduction in the original contract purchase price.

The legal authority is unequivocal on this subject. 77 Am.Jur.2d, Vendor and Purchaser, § 90 provides:

"A contract of sale by the acre is one wherein a specified quantity is material. Under such a contract the purchaser does not take the risk of any deficiency and the vendor does not take the risk of any excess. The contract of sale by the tract or in gross is one wherein boundaries are specified, but quantity is not specified, or if specified, the existence of the exact quantity specified is not material; each party takes the risk of the actual quantity varying to some extent from what he expects it to be."

We adopt the rationale of the Arizona Supreme Court which, citing the above legal authority, held:

"  .  .  .

"Therein, the rule was stated that on a sale of land by its legal description, or other specific description by which its boundaries are made certain, for a sum in gross, the boundaries will control in case of a discrepancy as to quantity, and that such a sale in gross affords no remedy to the grantor or the grantee for an excess or deficiency unless such excess is so great as to raise a presumption of fraud." Carrell v. Lux (1966), 101 Ariz. 430, 420 P.2d 564, 572.

The trial judge found no evidence of cross appellants' intent to defraud the appellant. The opinion does not explain the reformation of the contract purchase price as an exercise of the trial court's equitable power.

4

For the reasons herein discussed, we reverse the District Court's decision reducing the original purchase price by $1,500.

_____
Justice

We concur:

_____

_____

_____

_____
Justices