No. 86-219

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

JEFF D. LAUDERDALE and MARLENE
V. LAUDERDALE,

        Plaintiffs and Appellants.

   -vs-

H. T. GRAUMAN and AVIS M. GRAUMAN,

        Defendants and Respondents.

---

APPEAL FROM:  District Court of the Fifth Judicial District,
               In and for the County of Jefferson,
               The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Leaphart Law Firm; W. William Leaphart, Helena,
        Montana

    For Respondent:

        Poore, Roth & Robinson; Robert C. Brown, Butte,
        Montana

---

              Submitted on Briefs: August 7, 1986

                   Decided:  October 2, 1986

Filed:   OCT 2 - 1986

                              Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Jeff and Marlene Lauderdale appeal from that portion of the March 26, 1986, judgment and memorandum of the Fifth Judicial District Court which orders Lauderdales to pay H.T and Avis Grauman $12,000 for attorneys' fees incurred in this suit. We affirm the decision of the trial judge.

Lauderdales purchased Jefferson Valley Grain Company from Graumans by contract for deed executed April 1, 1974. On March 22, 1983, after paying more than 80% of the contract price to Graumans, Lauderdales filed suit against Graumans for breach of contract. Specifically, Lauderdales alleged Graumans acted fraudulently in the sale of their business by failing to disclose that the rear fifteen feet of the building was not on deeded property.

Graumans filed their answer, counterclaim and a third-party complaint on May 26, 1983. The third-party complaint was eventually dismissed and is not at issue here. Graumans' counterclaim alleges breach of contract by Lauderdales and requests dismissal of Lauderdales' complaint, compensatory damages, specific performance, punitive damages, costs and attorneys' fees. Specifically, Graumans allege Lauderdales breached the contract by failing to operate the business in the same manner as Graumans and by failing to provide proof of payment of taxes and insurance premiums to the escrow agent.

Lauderdales and Graumans each filed motions for summary judgment in January of 1984. Following briefing and oral argument, the trial judge denied both motions.

In October of 1984, Lauderdales made their final payment under the contract for deed. Trial commenced January 22, 1986. On that day, Graumans agreed to dismiss their

2

counterclaim, stating that it had been rendered moot when the contract for deed was paid in full and the escrow account closed.

Following trial, the jury found in favor of Graumans. Graumans then filed a memorandum of costs and a motion for determination and assessment of attorneys' fees based on the following provision in the contract for deed:

> In any litigation arising out of this agreement, the successful litigants shall be entitled to receive from the other parties, in addition to the costs and disbursements provided for by statute, a reasonable attorney's fee as fixed by the Court.

Graumans requested $17,895.67 in attorneys' fees and $343.70 in costs. Lauderdales objected, alleging there was no "successful party" in the litigation. The issue was briefed and a hearing held. Thereafter, the trial judge found Graumans to be the "successful litigants" or "prevailing party." They were awarded $12,000 in attorneys' fees and the costs they had requested.

On appeal, Lauderdales again contend there was no "successful litigant." Lauderdales argue they became the prevailing party on Graumans' counterclaim when the Graumans voluntarily dismissed it. Thus, since both parties won and lost on claims arising out of the litigation, there was no prevailing party and the parties are responsible for their own attorneys' fees.

We agree with Lauderdales' assertion that there are cases where, at the close of all litigation, there is no actual "prevailing party." "[T]here is no prevailing party where both parties gain a victory but also suffer a loss." Parcel v. Myers (Mont. 1984), 697 P.2d 89, 91-92, 41 St.Rep. 2426, 2429, citing Knudsen v. Taylor (Mont. 1984), 685 P.2d 354, 357, 41 St.Rep. 1490, 1493.

However, the case before us is not of that nature. Graumans have suffered no trial loss. They dismissed their counterclaim because it was rendered moot. This is clearly distinguishable from a situation where the jury found against Graumans on the counterclaim. Because Graumans are the prevailing party, they were properly awarded attorneys' fees. Jordan v. Elizabethan Manor (1979), 181 Mont. 424, 434, 593 P.2d 1049, 1055.

Finally, Graumans request attorneys' fees incurred as a result of this appeal. Where an award of attorneys' fees is based on a contract, the award includes attorneys' fees generated on appeal. Diehl and Associates v. Houtchens (1979), 180 Mont. 48, 53, 588 P.2d 1014, 1017. The District Court judge is ordered to determine the reasonable attorneys' fees due Graumans.

Affirmed and remanded.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices