No. 89-622

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

ALEX E. SMITH and TRUDY
L. SMITH, husband and wife,

        Plaintiffs and Respondents
           and Cross-Appellants,

    -vs-

ROBERT L. JOHNSON and ANITA
A. JOHNSON, husband and wife,

        Defendants and Appellants.


APPEAL FROM:   District Court of the Tenth Judicial District,
               In and for the County of Fergus,
               The Honorable Byron L. Robb, Judge presiding.


COUNSEL OF RECORD:

        For Appellants:

        James L. Stogsdill, Esq., Lewistown, Montana

        For Respondents and Cross-Appellants:

        Thomas P. Meissner, Esq., Lewistown, Montana


Submitted on Briefs:  June 14, 1990

Decided:  September 6, 1990

Filed:

FILED
'90 SEP 6 PM 2 15
ED SMITH, CLERK
MONTANA SUPREME COURT

_____
              Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

The plaintiffs, Alex and Trudy Smith, initiated this action with a complaint for specific performance of a buy/sell agreement. The Smiths sought to compel defendants, Robert and Anita Johnson, to enter into a contract for deed in accordance with the terms of the buy/sell agreement. The District Court for the Tenth Judicial District, Fergus County, granted the Smiths' motion for partial summary judgment on the issue of specific performance of the buy/sell agreement. After a bench trial on the remaining issue of damages resulting from the Johnsons' failure to timely deliver possession of the real property, the District Court awarded the Smiths monetary damages in the amount of $3,594.05. The Johnsons appeal both the granting of partial summary judgment and the award of damages. The Smiths cross-appeal the amount of attorney's fees and costs awarded. We affirm and remand.

The issues raised by the Johnsons on appeal are:

1.  Did the District Court err by granting the Smiths' motion for partial summary judgment?

2.  Did the District Court improperly award specific performance in favor of the Smiths?

3.  Did the District Court err by awarding monetary damages to the Smiths?

The Smiths present three additional issues on cross-appeal:

1.  Did the District Court err in fixing the amount of attorney's fees and costs awarded to the Smiths?

2.  Are the Smiths entitled to attorney's fees and costs on appeal?

3.  Should sanctions be imposed against the Johnsons pursuant to Rule 32, M.R.App.P., for bringing this

2

appeal?

Alex and Trudy Smith, the buyers, and Robert and Anita Johnson, the sellers, entered into two buy/sell agreements for the sale of two tracts of land near Lewistown, Montana. One agreement provided for the sale, by contract for deed, of a house and six acre tract. The transaction relating to the home tract has closed and is not part of the Smiths' claim for specific performance. The other agreement provided for the sale, by contract for deed also, of 87.337 acres of crop, pasture and timber land which adjoined the six acres. The buy/sell agreement on the acreage tract provided for a price of $40,000 with nothing down, amortized payments over fifteen years, interest at 9%, and the first payment due on December 30, 1989.

Both buy/sell agreements provided that the sales were to be closed on or before March 1, 1989. The parties agreed Mr. Johnson, who is a practicing attorney, was to prepare the contracts for deed and accompanying closing documents. However, Mr. Johnson did not submit anything for the Smiths' review until March 1, and then only the proposed contracts for deed.

During the month of March the parties corresponded and negotiated with each other in attempt to reach an agreement on additional or different terms of the contracts for deed than those provided in the buy/sell agreements. Revised drafts of contracts were exchanged but were found by the parties to be unacceptable. Disagreement over when interest and real estate prorations would commence on the acreage tract became a "bone of contention" between

3

the parties. The Johnsons believed that interest and tax prorations should commence on March 1, as provided in the buy/sell agreement. The Smiths proposed that since closing did not occur on March 1, as agreed, interest and tax prorations should commence on the actual date of closing.

On March 27, the Smiths, through their attorney, sent draft contracts to the Johnsons and conveyed to them through a letter that if the Johnsons did not wish to discuss any terms in addition to or beyond the buy/sell agreements, then both transactions should close in conformity with the buy/sell agreements. The Johnsons responded in a letter dated April 3 informing the Smiths that, due to what they perceived as an impasse on the financial aspects of the transaction, they were placing the acreage contract "on the back burner for awhile." The Johnsons then re-leased the acreage tract to George Hamilton, the current tenant of the property, for a one-year term, beginning April 8.

After further negotiations, during which time the Johnsons maintained their position that the acreage contract was "on the back burner," the parties finally agreed on a contract for the home and six acres. The Smiths paid the required down payment, the parties executed a contract for deed and the transaction was closed on approximately April 17. The terms of the contract are not in dispute.

On April 20, the Smiths filed their complaint in the District Court seeking: (1) a decree of specific performance, requiring the Johnsons to enter into a contract for deed for the acreage tract;

and (2) money damages for loss of use of the property as a result of the Johnsons' failure to deliver possession of the property in accordance with the buy/sell agreement.

## I. Johnsons' Appeal

Did the District Court err by granting the Smiths' motion for partial summary judgment?

> Summary judgment is proper pursuant to Rule 56(c), Mont.R.Civ.P., where the record discloses no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. All reasonable inferences that may be drawn from the offered proof are to be drawn in favor of the party opposing summary judgment. (Citation omitted.)

Halcro v. Moon (1987), 226 Mont. 121, 123, 733 P.2d 1305, 1306.

The Johnsons contend the District Court improperly granted summary judgment in favor of the Smiths because there was a material question of fact concerning the Smiths' willingness to perform in accordance with the exact terms of the parties' buy/sell agreement. The Johnsons allege that they presented a contract on March 6 that was in conformity with the buy/sell agreement and that the Smiths refused to sign the contract. The Johnsons further argue that the Smiths were unwilling to perform in accordance with the buy/sell agreement because of their insistence that the commencement of interest and the proration of taxes take place on the actual date of closing instead of March 1, as provided in the buy/sell agreement. We disagree.

In directing the parties to enter into a contract strictly in accordance with the buy/sell agreement, including the term that

5

commencement of interest and the proration of taxes would take place on March 1, the District Court noted that "[t]he dispute over specific performance herein does not arise over the buy/sell agreement the parties acknowledge entering, but rather over supplemental terms and conditions in the contract for deed to execute and fulfill the buy/sell." And in its explanatory comment accompanying the court's order denying the Johnsons' motion to amend the judgment the court stated:

> In his own argument on the motions for summary judgment, Mr. Johnson acknowledged buy/sell agreements seldom contain all the terms that may go into a formal contract for deed, and that it is not uncommon for parties to do some negotiating about such additional terms after the execution of the buy/sell. Here both parties requested some other terms, and unfortunately could not reach agreement.

The record clearly shows that the Johnsons breached the buy/sell agreement by placing the acreage contract "on the back burner," refusing to discuss it further or place the Smiths in possession, and renewing the lease of the property to a third party. Contrary to the Johnsons' contention, the record reveals the Johnsons did not propose a contract conforming to the buy/sell agreement on March 6. The purchase price provision of that contract called for a total first payment of over $700 more than required in the buy/sell agreement. Moreover, although not as clear, the record shows that the Smiths were not unwilling to perform in accordance with the buy/sell agreement, but rather were merely attempting to resolve the final form of the contract for deed.

6

Negotiations of terms beyond the buy/sell agreement does not destroy the right to seek specific performance. In Somont Oil Co. v. Nutter (1987), 228 Mont. 467, 743 P.2d 1016, a party sought to avoid a contract, claiming the contract was merely "an agreement to agree" and that it was too vague to constitute a contract. This Court held that the agreement contained all the essential terms needed to constitute a contract and further stated:

> Admittedly, the agreement does not include every item that might have been included . . . However, "a contract is not invalid simply because it does not contain all the provisions or conditions the parties might have incorporated into it." Wilkerson v. School District No. 15, Glacier County (Mont. 1985), 700 P.2d 617, 621, 42 St.Rep. 745, 749.

Somont Oil Co., 743 P.2d at 1019.

Even though the parties here attempted negotiations of additional terms, such does not affect the validity of the buy/sell agreement and the ability to maintain a suit for specific performance upon a breach of that agreement.

Furthermore, with regard to the commencement date of interest and the date of proration of taxes, the District Court could properly, as a matter of law, determine whether the buy/sell agreement contained an ambiguity. SAS Partnership v. Schafer (1982), 200 Mont. 478, 482, 653 P.2d 834, 836. During negotiations the Smiths proposed that since the transaction did not close on March 1, as agreed, interest and tax prorations should commence on the actual date of closing. In granting summary judgment and ordering that interest and the proration of taxes would commence on March 1, the District Court stated:

7

> While the printed part of the agreement states possession shall be on the date of closing "unless otherwise agreed," the typewritten part of the buy/sell plainly states, "First period payment will be from March 1st, 1989, to December 30th, 1989", and section 1-4-105, MCA 1987, states, "when an instrument consists partly of written words and partly of a printed form and the two are inconsistent, the former control the latter."

The District Court, upon determining as a matter of law that an ambiguity does not exist, may properly grant summary judgment. See, Monte Vista Co. v. The Anaconda Co. (1988), 231 Mont. 522, 755 P.2d 1358.

We conclude the record in this case discloses no genuine issue of material fact and supports the award of partial summary judgment in favor of the Smiths.

Did the District Court improperly grant specific performance in favor of the Smiths?

In an argument nearly identical to their argument presented under the first issue, the Johnsons contend that the Smiths were not parties who could seek the remedy of specific performance. Section 27-1-411(4), MCA, provides that specific performance may be compelled when the parties to a contract have expressly agreed in writing that specific performance shall be an available remedy. The buy/sell agreement signed by the parties expressly provided for a remedy of specific performance. Having determined that the record shows the Johnsons did not propose a contract on March 6 which conformed to the buy/sell agreement and that the Smiths were not unwilling to perform in accordance with the provisions of the buy/sell agreement, we conclude the Smiths were parties who could

8

seek specific performance.

We hold the District Court properly granted specific performance in favor of the Smiths.

Did the District Court err by awarding monetary damages to the Smiths?

The Johnsons assert that they were subjected to the Smiths' "whipsawing in the matter of damages" and argue that the Smiths are responsible for their own damages, "real or imagined," in that they failed to act reasonably in preventing or mitigating those damages.

The District Court found that the Johnsons' actions in unilaterally terminating the negotiations between the parties, placing the sale of the acreage property "on the back burner," and renewing the lease on the property to a former tenant for another year constituted an unjustified refusal to complete the transaction or convey the property. Accordingly, the court awarded the Smiths damages for loss of use of the property for approximately one year in the sum of $1,600, plus attorney's fees and costs of $2,091.20, less an offset to the Johnsons of $97.15 for five-sixths of the 1989 taxes, for a total damage award of $3,594.05.

When reviewing the findings of fact in a civil action tried by a district court without a jury, this Court will not substitute its judgment for that of the trier of fact. Rather, our review is confined to determining whether the findings of fact are clearly erroneous. The court's findings of fact will be presumed correct if supported by substantial evidence. Meridian Minerals Co. v.

Nicor Minerals, Inc. (1987), 228 Mont. 274, 282-83, 742 P.2d 456, 461. We find the record contains substantial evidence justifying the award of damages.

## II. Smiths' Cross-Appeal

Did the District Court err in fixing the amount of attorney's fees and costs awarded to the Smiths?

The District Court's award of attorney's fees and costs is discussed in the court's Finding of Fact number 16, which states in part:

> Smiths also seek attorney fees and costs for the entire lawsuit. However, when the court granted partial summary judgment to plaintiffs it directed each side to pay its own fees and costs to that time, and now finds that such ruling was fair and equitable, and reaffirms it. However, as to additional time plaintiffs' counsel has spent on various motions, briefs, damage issues and trial, the court finds plaintiffs are entitled to recover the same pursuant to written provision of the buy/sell agreement . . . and plaintiffs are further entitled to allowable costs since summary judgment of $165.20 . . . Said costs are as follows: George Hamilton deposition $130.20; Witness fee $10.00; Judgment fee $25.00.

The Smiths do not contest the award of attorney's fees from the time of partial summary judgment, but argue that attorney's fees incurred prior to such time should be awarded.

The buy/sell agreement contains an attorney's fee provision which states:

> In any action brought by the Buyer or the Seller to enforce any of the terms of this agreement, the prevailing party in such action shall be entitled to such reasonable attorney

10

fees as the court or arbitrator shall determine just.

The fixing of attorney's fees is largely within the discretion of the district court and will not be disturbed absent a clear abuse of that discretion. In Re Marriage of Milanovich (1985), 215 Mont. 367, 370-71, 697 P.2d 927, 929. The record contains substantial evidence to support the conclusions of the District Court concerning attorney's fees. We find no abuse of discretion.

The District Court awarded the Smiths costs from the time of partial summary judgment in the amount of $165.20. The total costs claimed by the Smiths are $345.20. Section 25-10-101(5), MCA, provides that "Costs are allowed, of course, to the plaintiff upon a judgment in his favor . . . in an action which involves the title or possession or right of possession of real estate . . ." Under § 25-10-101, MCA, allowable costs are recoverable by the plaintiff upon timely application. See, Medhus v. Dutter (1979), 184 Mont. 437, 447, 603 P.2d 669, 674; State v. Cronin (1978), 179 Mont. 481, 491, 587 P.2d 395, 401. We therefore remand for determination of allowable costs incurred prior to the time of partial summary judgment.

Are the Smiths entitled to attorney's fees and costs on appeal?

The District Court made numerous findings regarding the assessment of attorney's fees and costs concluding that if the Johnsons' appeal is unsuccessful they should be subject to assessment of the Smiths' costs and attorney's fees in defending such appeal. This Court has previously held that "[w]here an award

of attorneys' fees is based on a contract, the award includes attorneys' fees generated on appeal." Lauderdale v. Grauman (1986), 223 Mont. 357, 359, 725 P.2d 1199, 1200. In regard to costs on appeal, such are automatically awarded to the successful party under Rule 33, M.R.App.P. Walker v. Warner (1987), 228 Mont. 162, 167, 740 P.2d 1147, 1150. We find that, as the prevailing party on appeal, the Smiths are entitled to reasonable attorney's fees and costs.

Should sanctions be imposed against the Johnsons pursuant to Rule 32, M.R.App.P., for bringing this appeal?

The Smiths contend they are entitled to an additional award of damages, arguing that the Johnsons' appeal on the issue of specific performance is frivolous.

Rule 32, M.R.App.P., provides:

> If the supreme court is satisfied from the record and the presentation of the appeal in a civil case that the same was taken without substantial or reasonable grounds, such damages may be assessed on determination thereof as under the circumstances are deemed proper.

Where a reasonable ground for appeal exists, sanctions or damages are not appropriate under Rule 32, M.R.App.P. Searight v. Cimino (1988), 230 Mont. 96, 103-04, 748 P.2d 948, 952; Erdman v. C & C Sales, Inc. (1978), 176 Mont. 177, 184, 577 P.2d 55, 59. In the present case, the question of whether the District Court properly granted partial summary judgment was reasonably in issue. We find no basis for imposing sanctions against the Johnsons.

We affirm and remand for determination of reasonable

12

attorney's fees and costs on appeal and for determination of allowable costs pursuant to § 25-10-101(5), MCA.

_____
Justice

We concur:

_____
_____
_____
_____
Justices

13