No. 90-395

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

GENERAL MOTORS ACCEPTANCE CORP.,
a New York Corporation,
            Plaintiff and Respondent,

    -vs-

DONNA J. FINCH,
            Defendant and Appellant.

DONNA J. FINCH,
            Third Party Plaintiff and Appellant,

    -vs-

FRONTIER CHEVROLET COMPANY, a Montana
Corporation, and GLOBE LIFE INSURANCE
COMPANY, jointly and severally,
            Defendants and Respondents.


APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and for the County of Yellowstone,
                The Honorable Russell K. Fillner, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Jerrold L. Nye; Nye & Meyer, Billings, Montana

        For Respondents:

        Renee L. Moomey; Crowley, Haughey, Hanson, Toole &
        Dietrich, Billings, Montana
        W. Anderson Forsythe; Moulton, Bellingham, Longo &
        Mather, Billings, Montana
        Peter Stanley; McNamer & Thompson, Billings, Montana


Submitted on Briefs:    October 26, 1990

Decided:    November 20, 1990

FILED

NOV 2 0 1990

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA
    Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from summary judgment entered against Donna J. Finch, third party plaintiff, in favor of all other parties by the District Court of the Thirteenth Judicial District, Yellowstone County. We affirm.

The sole issue on appeal is whether the District Court erred granting summary judgment in favor of General Motors Acceptance Corporation, Frontier Chevrolet Company and Globe Life Insurance Company.

This suit arises from a claim for payments due on a contract for an automobile. Plaintiff General Motors Acceptance Corporation (GMAC) was the assignee of a contract for the purchase of an automobile from Frontier Chevrolet (Frontier) in Billings, Montana. Appellant Donna J. Finch was the purchaser of the automobile. Globe Life Insurance Company (Globe) provided appellant a policy of disability insurance on the sale of the automobile.

Appellant purchased the car on August 11, 1987 from Frontier. At the time of the sale, appellant also purchased through Frontier a disability insurance policy from Globe. The disability insurance policy provided, subject to certain limitations, that Globe would make appellant's car payments if sickness or injury prevented her from doing so. However, the disability insurance policy, under exclusion (e), did not cover disability claims for injury or sickness treated within the six months before the effective date of the policy which resulted in disability within six months

thereafter.

In December 1986, appellant suffered a head injury from a slip and fall while she was at work as a school bus driver. She was knocked unconscious in the accident. Later, in July 1987, appellant was injured when she fell off her horse. She was taken to a hospital where she was diagnosed as having a broken pelvis. While she was in the hospital, she suffered a grand mal seizure. On August 11, 1987, approximately three weeks after the seizure, appellant purchased her new car and credit disability policy. In January 1988, less than six months after purchasing the new car and credit disability policy, appellant suffered another seizure while driving a school bus. As a result, appellant became unable to continue work since Montana law forbids individuals who are prone to seizures from operating school buses without certification from an attending physician. See § 61-5-105, MCA (1988) and § 20-10-103, MCA (1988). Appellant was, therefore, unable to make payments to GMAC under the purchase contract and so, on January 21, 1988, appellant filed a claim for disability benefits under the policy. Appellant listed on her credit disability form "seizures" as the type of sickness or injury that caused her disability. Globe denied appellant's claim under exclusion (e) of the credit disability policy. Appellant thereafter defaulted on the purchase contract assigned to GMAC by failing to make the monthly payments for January, February, March and April.

On April 14, 1988, after demanding payment due or possession

3

of the automobile, GMAC filed this suit against appellant for claim and delivery and replevin of the automobile. On April 29, 1988, appellant answered the complaint and included a third party complaint against Frontier and Globe which claimed breach of contract, fraud and emotional and mental distress. Thereafter, appellant filed an amended counterclaim on August 8, 1988 in which she also claimed against GMAC based on an alleged agency relationship between GMAC and Frontier. The District Court, in an order and memorandum dated July 25, 1989, granted summary judgment to GMAC on all counts and to Globe and Frontier on all counts but the claim for emotional and mental distress. The case proceeded in state court on this sole remaining issue.

Prior to filing the above-described third party action, appellant asserted the same claims against Globe in a separate court action entitled Finch v. Globe Life filed on April 18, 1988. On May 17, 1988, Globe removed that complaint to the United States District Court, Billings Division, and the case proceeded in federal court under diversity jurisdiction. After motions and briefs, the United States District Court issued a memorandum opinion and order and entered final judgment on May 10, 1990, granting summary judgment to Globe on all counts in the complaint. Appellant did not appeal this final judgment.

Thereafter, Globe renewed its summary judgment motion in state district court on the ground that the issues presented by the state court case, being identical to the issues presented in the parallel

federal case, had become res judicata. On May 30, 1990, the District Court recognized that the remaining emotional and mental distress issue had now been decided, by final judgment, and therefore dismissed the case. Appellant now appeals. We affirm.

The sole issue on appeal is whether the District Court erred granting summary judgment in favor of GMAC, Frontier and Globe.

Appellant argues that GMAC was not entitled to summary judgment since genuine issues of material fact existed regarding an agency relationship between GMAC and the other defendants. Appellant contends that the alleged wrongdoing of Globe and Frontier would impute to GMAC pursuant to the agency relationship. In addition, appellant argues that GMAC was liable for appellant's injury as a result of GMAC's own independent acts which were separate from any acts of Frontier or Globe, but since appellant does not support this argument with facts of the record, we will not consider them in disposing of this appeal.

First, we shall consider whether summary judgment was properly granted in favor of Globe and Frontier.

The case against Globe was fully litigated in federal court, and final judgment entered in favor of Globe. Res judicata bars the same parties from re-litigating the same cause of action. Smith v. Schweigert (Mont. 1990), 785 P.2d 195, 197, 47 St.Rep. 77, 80. The same facts and issues formed the basis of both the federal court case and the state court case. Thus, the doctrine of res judicata would apply to bar further action by appellant against

5

Globe in the state district court.

As for Frontier, Globe's agent, the doctrine of collateral estoppel would work to bar action by appellant against Frontier based on the facts and issues already litigated in federal court. In simple terms, collateral estoppel bars the same parties, or their privies, from re-litigating issues which have been decided with respect to a different cause of action. Brault v. Smith (1984), 209 Mont. 21, 679 P.2d 236.

We hold that the District Court properly granted summary judgment on all issues in favor of Globe and Frontier based on the doctrines of res judicata and collateral estoppel. Therefore, with no cause of action remaining against Globe or Frontier which might impute to GMAC even if an agency relationship were shown to exist, we also hold that summary judgment was properly granted in favor of GMAC.

Finally, GMAC requests attorney's fees incurred as a result of this appeal. If an award of attorney's fees is based on contract, then the award also includes attorney's fees incurred on appeal. Lauderdale v. Grauman (1986), 223 Mont. 357, 359, 725 P.2d 1199, 1200. Although GMAC prayed for attorney's fees in the court below, the court did not address that issue. GMAC's contract with appellant provides that GMAC has the right to recover attorney's fees, not to exceed 15% of that amount owed, for collection actions. Furthermore, GMAC's complaint was filed as the result of appellant's failure to make payments when due. We agree GMAC is

6

entitled to attorney's fees generated on appeal only if, in fact, the District Court awards GMAC attorney's fees in the first place, and remand this cause to the District Court for its determination. On all other issues the judgment of the District Court is affirmed.

_John Conway Harrison_
Justice

We concur:

_Diane G. Barz_

_J. A. Turnage_

_William E. Hunt, Sr._

_R. C. McDonough_
Justices