No.   95-495

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

GERTRUDE L. GREEN and SCOTT R. GREEN,

    Plaintiffs and Appellants,

  v.

RICHARD C. PESCHEL, FLORENCE M. PESCHEL,
and MICHAEL E. HANWAY, d/b/a/ A TO Z
HOME INSPECTION SERVICE,

    Defendants, Respondents,
    and Cross-Appellants.

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable John Larson, Judge presiding.

COUNSEL OF RECORD:

       For Appellants:

          Henry c. Crane, Attorney at Law,
          Missoula, Montana

       For Respondents:

          Kathleen O'Rourke-Mullins, Attorney at Law,
          Polson, Montana (for respondents Peschels)

Submitted on Briefs:   April 11, 1996

Decided: May 17, 1996

Filed:

Justice Charles E. Erdmann delivered the opinion of the Court.

Pursuant to Section I, Paragraph 3 (c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Plaintiffs Gertrude Green and Scott Green and defendants Richard and Florence Peschel both appeal from an opinion and order on costs and attorney fees entered by the Fourth Judicial District Court, Missoula County. We affirm.

We restate the issues on appeal as follows:

1. Were the Peschels entitled to recover attorney fees?

2. Did the District Court abuse its discretion in awarding attorney fees of $1,500.00 to the Greens and $16,450.10 to the Peschels?

## FACTS

On March 24, 1992, the Greens and Peschels executed a purchase agreement contract for the Greens to purchase the Peschels' house in Frenchtown for a sale price of $105,000. Nearly two years after the Greens had purchased the home a dispute arose over alleged structural defects and other problems with the home. The Peschels offered to repurchase the property but the Greens refused that offer.

On February 17, 1994, the Greens filed a complaint with the District court alleging **claims of** fraud, negligent misrepresentation, constructive fraud, deceit, promissoryestoppel, breach of the Consumer Protection Act, breach of the covenant of good faith and fair dealing, breach of the implied warranty of habitability, and negligence. The Greens attached the first page of the purchase agreement to the complaint. On March 14, 1994, the Peschels answered the complaint and stated that "Defendants fully performed under their Buy-Sell Contract with the Plaintiffs," and requested that "these Defendants be awarded their costs and fees incurred in defending this action."

A jury trial was held between April 26-30, 1995. Prior to trial the District Court granted summary judgment in favor of the Peschels on the claim for breach of the warranty of habitability. The court also determined during the pretrial settling of jury instructions that it would not submit a jury instruction on the promissory estoppel claim finding that "all arguments made prior to the trial concerned issues of negligence or contracts."

On April 27, 1995, following the Greens' case-in-chief, the Peschels moved the District Court to conform the pleadings to the evidence in order to reflect a breach of contract claim. The Greens did not oppose the motion and it was granted by the District Court. The court also granted the Peschels' motion for a directed verdict on the **claims** of actual fraud, deceit, and constructive fraud. The remaining claims of negligence, breach of contract,

3

breach of the covenant of good faith and fair dealing, and breach of the Consumer Protection Act were submitted to the jury.

The jury returned a verdict in favor of the Greens on the Consumer Protection Act claim, awarding them $400 in damages. The jury found in favor of the Peschels on the claims for breach of contract, breach of the covenant of good faith and fair dealing, and negligence. After trial both parties submitted affidavits of fees and costs. The District Court conducted a hearing on the matter and on July 6, 1995, the court entered its order awarding attorney fees to the Greens in the amount of $1,500.00 pursuant to § 30-14-133, MCA, and $16,450.10 to the Peschels pursuant to the purchase agreement contract which provided for the award of attorney fees to the prevailing party.

On August 4, 1995, the District Court entered an amended opinion and order as final judgment of its July 6, 1995, opinion and order. On August 29, 1995, the District Court denied the Greens' motion for reconsideration. Both parties then filed a notice of appeal from the July 6, 1995, order. Each party appeals the District Court's apportionment of attorney fees and, in addition, requests costs and attorney fees incurred in this appeal.

STANDARD OF REVIEW

We have stated that absent an abuse of discretion we will not reverse the district court's decision concerning attorney fees. Sage v. Rogers (1993), 257 Mont. 229, 242, 848 P.2d 1034, 1042 (citing Joseph Russell Realty Co. v. Kenneally (1980), 185 Mont.

496, 505, 605 P.2d 1107, 1112). The test for abuse of discretion is whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. Gaustad v. City of Columbus (1995), 272 Mont. 486, 488, 901 P.2d 565, 567.

ISSUE 1

Were the Peschels entitled to recover attorney fees?

The purchase agreement contract between the parties provided for the recovery of attorney fees as follows:

> In any action brought by the Buyer or the Seller to enforce any of the **terms** of this agreement, the prevailing party in such action shall be entitled to such reasonable attorney fees as the court or arbitrator shall determine just.

In its July 6, 1995, order the District Court stated that "the case was amended during trial to include a breach of contract claim which was agreed to by the parties during the trial." In awarding attorney fees to the Peschels the court relied on the language of the purchase agreement contract and the fact that the Peschels were the prevailing party on the breach of contract **claim**

The Greens argue that their lawsuit was based on tort allegations and not on a breach of contract theory. They **claim** that the contract was not intended to cover the many duties which were separate and apart from the contract terms and that it was the Peschels' breach of those duties which formed the basis of their complaint. The Greens argue that the language of the contract reinforces their position in that it only allows attorney fees to

5

the prevailing party in an action "to enforce any of the terms of this agreement." They contend that the District Court erred in awarding the Peschels attorney fees based on the contract when the lawsuit alleged tortious conduct.

The Greens further argue that even if the Peschels were entitled to attorney fees based on the language of the contract, they were not the prevailing party in the lawsuit. They rely on Lauderdale v. Grauman (1986), 223 Mont. 357, 725 P.2d 1199, Parcel v. Myers (1984), 214 Mont. 220, 697 P.2d 89, and Knudsen v. Taylor (1984), 211 Mont. 459, 685 P.2d 354, to argue that there is no prevailing party when both parties gain a victory but also suffer a loss. The Greens claim that since the jury found in their favor on the Consumer Protection Act claim the Peschels were not the prevailing party in the lawsuit. The Greens argue that the Peschels should not be allowed to capitalize on their violation of the Consumer Protection Act by recovering attorney fees.

The Peschels respond that even though the Greens' complaint did not initially allege breach of contract, it resounded in allegations supporting such a claim. The Peschels claim they defended against what they believed was a breach of contract claim, alleging that they had performed under the terms of the agreement. The Peschels stress that both parties agreed at trial to conform the pleadings to the evidence and to include the breach of contract claim in the cause of action.

The Peschels contend that they were the prevailing party in the lawsuit. They note that the Greens sued them on nine different claims, not including the breach of contract claim, and rely on the fact that they prevailed on all but one of the claims. The Peschels argue that since the Greens prevailed in only one out of ten claims and obtained $400 in damages when the requested relief was $73,000, they cannot be considered the prevailing party.

The record reflects that the parties stipulated at trial to add the breach of contract claim to the pleadings. That claim became part of the cause of action when the pleadings were amended and it was submitted to the jury for consideration. The jury determined that the Peschels did not breach the terms of the agreement and the District Court awarded attorney fees to the Peschels based on their prevailing on the breach of contract claim.

The Greens reliance on Lauderdale, Parcel, and Knudsen is misplaced. While each of these cases presents the general rule that there is no prevailing party where both parties gain a victory but also suffer a loss, in none of those cases did the court award attorney fees to both parties. In the present case the District Court awarded attorney fees to the Greens and to the Peschels. The Greens' fee award was based on the jury finding in their favor on the Consumer Protection Act claim, while the Peschels' fee award was based on their successful defense of the breach of contract claim. The Peschels prevailed on the contract claim and the clear language of the contract entitled them to attorney fees.

7

ISSUE 2

Did the District Court abuse its discretion in awarding attorney fees of $1,500.00 to the Greens and $16,450.10 to the Peschels?

The Greens sought $28,704.99 in attorney fees and the Peschels requested fees in the amount of $23,500.15. The District Court awarded fees to the Greens in the amount of $1,500.00 pursuant to § 30-14-133(3), MCA (the attorney fees provision of Montana's Consumer Protection Act), and awarded fees to the Peschels in the amount of $16,450.10.

In awarding attorney fees to the Greens the District Court stated as follows:

> Based upon the Court's review of the file and after sitting through the four-day trial in this matter, the many counts advanced by the Greens which were unsuccessful, and after consideration of the Verdict, amount of real and personal property as issue, the complexity of the case and the respective characters, experience, and abilities of counsel, the Court finds the issue of the violation of the Consumer Protection Act to have been straight-forward and uncomplicated compared to the complexity of the other issues presented, and, therefore, awards attorney's fees of $1,500.00 to the Greens and no additional damages pursuant to Section 30-14-133, MCA.

Section 30-14-133(3), MCA, states that "[i]n any action brought under this section, the court may award the prevailing party reasonable attorney fees incurred in prosecuting or defending the action."

In awarding attorney fees to the Peschels, the District Court stated that the breach of contract claim "in reality was the focus of 70% of this case" and explained its ruling as follows:

8

After considering the results obtained, the amount of work involved and the jury's determination of this issue as well as the amount of real and personal property at issue, the complexity of the case and the respective characters, experience, and abilities of counsel, the Court exercises its discretion to award the Peschels seventy percent (70%) of their attorney's fees or $16,450.10.

The Greens argue that the breach of contract claim was "not even close to 70% of the case," and note that it was only after they presented their entire case-in-chief that the Peschels pursued the breach of contract claim. The Greens argue that the Peschels' fee award should be limited to the number of hours spent defending against the contract claim and maintain that the Peschels' attorney "expended little or no time in preparing for a defense of a breach of contract claim."

The Peschels argue that the District Court's distribution of attorney fees was more than equitable. They maintain that the majority of time spent in defending the lawsuit was attributable to the contract between the parties. The Peschels argue that they could not have prevailed on the breach of contract claim without proving to the jury that they did not misrepresent the character of the property and that they were not negligent in its construction. Thus, the Peschels claim that the District Court's determination that the breach of contract claim constituted seventy percent of the entire lawsuit was reasonable and that its corresponding award of attorney fees was proper. The Peschels also rely on Morning Star Enterprises v. R.H. Grover (1991), 247 Mont. 105, 805 P.2d 553, to argue that the District Court's fee award to the Greens was

excessive in light of the $400.00 damages award the Greens received.

Both § 30-14-133(3), MCA, and the attorney fee provision of the purchase agreement contract provide for "reasonable" attorney fees to the prevailing party. In *Morning Star* we stated that in determining the reasonableness of attorney fees the trial court should consider the following factors: (1) the amount and character of the services rendered; (2) the labor, time, and trouble involved; (3) the character and importance of the litigation in which the services were rendered; (4) the professional skill and experience required; (5) the character and standing of the attorneys in their profession; and (6) the result secured by the services of the attorneys. *Morning Star,* 805 P.2d at 558 (citing Majers v. Shining Mountains (1988), 230 Mont. 373, 379-80, 750 P.2d 449, 453). We also stated that the reasonableness of attorney fees must be ascertained under the facts of each case and the "result secured" factor is only one of the factors which the district court should weigh at arriving at a reasonable fee. *Morning Star,* 805 P.2d at 558.

In the present case, neither § 30-14-133(3), MCA, nor the contractual provision limits the award of fees and both provisions leave the final determination to the discretion of the District Court. Here, the District Court received fee affidavits from the parties, conducted a hearing on the matter, and explained its reasons for awarding fees to each party. We conclude that under

10

the circumstances of this case the District Court did not act arbitrarily without the employment of conscientious judgment nor did it exceed the bounds of reason resulting in substantial injustice. We therefore hold that the District Court did not abuse its discretion in apportioning reasonable attorney fees to the parties in this case.

Finally, we address the parties' request for costs and attorney fees incurred in this appeal. Costs are automatically awarded to the successful party under Rule 33, M.R.App.P. Smith v. Johnson (1990), 245 Mont. 137, 145, 798 P.2d 106, 111. With respect to attorney fees, we have stated that "[w]here an award of attorneys' fees is based on a contract, the award includes attorneys' fees generated on appeal." Smith, 798 P.2d at 111 (quoting Lauderdale, 725 P.2d at 1200). We have also stated that "[i]nsomuch as there has been no reversal of the claims under which the prevailing party is entitled to reasonable attorney's fees, the plaintiffs are entitled to their fees to defend this appeal." Baird v. Norwest Bank (1992), 255 Mont. 317, 329, 843 P.2d 327, 335.

In the present case, each party filed a notice of appeal from the District Court's July 6, 1995, opinion and order. Each party had to defend the other's allegations and had one or the other prevailed in their appeal, that party would have been entitled to attorney fees. However, we have affirmed the District Court and conclude that neither party has prevailed over the other on appeal.

We therefore hold that each party should be responsible for their own costs and attorney fees incurred in this appeal.

Affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

12

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 95-495

FILED
JUN 17 1996
*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

GERTRUDE L. GREEN and SCOTT R. GREEN,        )
                                             )
        Plaintiffs and Appellants,           )
                                             )        O R D E R
    v.                                       )
                                             )
RICHARD C. PESCHEL, FLORENCE M.,             )
PESCHEL, and MICHAEL E. HANWAY, d/b/a         )
A TO Z HOME INSPECTION SERVICE,              )
                                             )
        Defendants and Respondents.          )

This matter comes before the Court on respondent's petition for rehearing filed on May 30, 1996.

After fully considering the briefs submitted by both parties on the matter,

IT IS HEREBY ORDERED that the following language appearing in the final paragraph on page eleven of this Court's Opinion dated May 17, 1996, is stricken:

> Each party had to defend the other's allegations and had one or the other prevailed in their appeal, that party would have been entitled to attorney fees. However, we have affirmed the District Court and conclude that neither party has prevailed over the other on appeal. We therefore hold that each party should be responsible for their own costs and attorney fees incurred in this appeal.

The following language shall be inserted in place of the stricken language:

> On January 31, 1996, this Court dismissed Peschel's appeal as untimely filed. Nevertheless, since we have affirmed the District Court which held that each party prevailed over the other on at least one claim, we determine that each party should be responsible for their own costs and attorney fees incurred in this appeal.

IT IS FURTHER ORDERED that Respondent's petition for rehearing is DENIED.

The Clerk is directed to mail a true copy of this order to counsel of record and to State Reporter Publishing Company and West Publishing Company.

DATED this 17th day of June, 1996.

_____

Karla M. Gray

_____

William E. Hunt

_____

Terry Trieweiler

_____

W. William Leaphart

Justices

May 17, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Henry R. Crane
Attorney at Law
P.O. Box 7271
Missoula, MT 59807-7271

Kathleen O'Rourke-Mullins
Attorney at Law
201 Fourth Avenue East
Polson, MT 59860

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy