JUSTICE TRIEWEILER
dissenting.
¶31 I dissent from the majority’s conclusion that the property at issue in this case was transferred in gross and that the actual acreage conveyed was immaterial.
¶32 In Parcel v. Myers (1984), 214 Mont. 225, 697 P.2d 92, we approved the following distinction between sale by the acre and sale in gross:
The legal authority is unequivocal on this subject. 77 Am. Jur.2d, Vendor and Purchaser, § 90 provides:
“A contract of sale by the acre is one wherein a specified quantity is material. Under such a contract the purchaser does not take the risk of any deficiency and the vendor does not take the risk of any excess. The contract of sale by the tract or in gross is one wherein boundaries are specified, but quantity is not specified. Or if specified, the existence of the exact quantity specified is not material; each party takes the risk of the actual quantity varying to some extent from what he expects it to be.”
We adopt the rationale of the Arizona Supreme Court which, citing the above legal authority, held:
“Therein, the rule was stated that on a sale of land by its legal description or other specific description by which its boundaries are made certain, for a sum in gross, the boundaries will control in case of a discrepancy as to quantity, and that such a sale in gross affords no remedy to the grantor or the grantee for an excess or deficiency unless such excess is so great as to raise the presumption of fraud.” Carrell v. Lux (1966), 101 Ariz. 430, 420 P.2d 564, 572.
Parcel, 214 Mont. at 228, 697 P.2d at 94 (emphasis added).
¶33 The majority’s conclusion that the sale at issue was a sale in gross is based on its conclusion that: “The original 1902 Tinklepaugh deed specifically described certain boundaries.” However, I disagree. *155 The original 1902 grant conveyed “about (7) seven acres of land off of the west side of the Northeast quarter (NE14) of the Northeast quarter (NE14) of Section Twenty-six (26), Township Ten (10) North, Range Thirteen (13) West. Said piece of land being west of the foot of the hill, where the county road now runs.” In other words, the only reference to a boundary for the transferred land is that it lay on the west side of the county road. There was no description of the north, south, or east boundary of the portion conveyed. However, there was reference to the approximate size of the property transferred. It was described as “about seven (7) acres.” Although words of approximation such as “about” leave some room for variation from the number of acres specified, they don’t permit a construction which would nearly double the number of acres specified.
¶34 Because the contract of sale in 1902 does not specify the boundaries of the property transferred and because the specific quantity was specified, the transfer in this case could not be in gross as we defend that term in Parcel. For these reasons, I would reverse the District Court’s conclusion that the actual acreage of the conveyance was immaterial and dissent from that portion of the majority’s opinion which holds otherwise.
¶35 I would also reverse that portion of the District Court’s opinion which concluded by summary judgment that Cedar Lane Ranch holds title to the disputed property by adverse possession. There was affidavit evidence that Carl Nelson Ranch has paid taxes on the disputed property since 1964 and that Cedar Lane Ranch has never paid taxes on the disputed property. Section 70-19-411, MCA requires payment of taxes before property can be acquired by adverse possession. At best, there was a factual issue whether that requirement was satisfied. For these reasons I would reverse the judgment of the District Court and remand to the District Court for further proceedings to resolve those factual questions related to the issue of adverse possession.