No. 93-528

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

WILLIAM GORSKI; KENNETH GORSKI
and PAULA GORSKI, husband and wife,

       Plaintiffs, Respondents and
       Cross-Appellants,

-v-

DONALD E. PEGG and KAY A. PEGG,
husband and wife,

       Defendants, Appellants and
       Cross-Respondents.



FILED

AUG 25 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Tenth Judicial District,
                In and for the County of Fergus,
                The Honorable John A. Warner, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

         Gregory W. Duncan, Harrison, Loendorf & Poston,
         Helena, Montana

      For Respondents:

         Jon A. Oldenburg, Lewistown, Montana

                    Submitted on Briefs:  April 27, 1995

                           Decided: August 25, 1995

Filed:

_____
               Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from a judgment of the Tenth Judicial District Court, Fergus County rescinding the Contracts for Deed between Donald E. and Kay A. Pegg (the defendants) and William Gorski and Kenneth and Paula Gorski (the plaintiffs) respectively. Judgment was granted in favor of the plaintiffs and against the defendants for part of the cost of the properties plus interest at the rate of 10% per year. The court limited the judgment to the sale on execution of the lands covered by the Contracts for Deed and ordered the plaintiffs and defendants to pay their own attorney fees. We affirm.

The issues on appeal are as follows:

I.   Did the District Court err in granting rescission of the contracts?

II.  Did the District Court err in not granting the contracts' foreclosure in favor of the defendants?

III. Did the District Court err in restricting the judgment lien and limiting execution of the Judgment rendered to the subject land only and allowing no deficiency judgment?

IV.  Did the District Court err in not awarding attorney fees and

within the defendants' Canyon Shadows Ranch in Fergus County. The plaintiffs purchased the parcels as vacation and recreational property, subject to stated restrictive covenants and agreements.

In 1989, the plaintiffs initiated an action against the defendants requesting that the court require all parties to abide by the restrictive covenants; require the defendants to provide specific improvements to the property; and, in the alternative, grant rescission or monetary damages. The District Court ordered the defendants to improve the road accessing the plaintiffs' property, keep their livestock contained, and apply the restrictive covenants covering the Canyon Shadows Ranch to all parties. The District Court also enjoined defendants' further logging on their property and from further subdivision of the Canyon Shadows Ranch. The District Court did not grant the plaintiffs' request for rescission. The decision of the District Court was not appealed.

Plaintiffs sued defendants a second time seeking rescission of the Contracts for Deed for failure of consideration, and requested reimbursement of all expenses incurred by the plaintiffs, plus an award of punitive damages. The defendants contended they had improved the road and fenced in the livestock as required by the previous order of the District Court. The plaintiffs contended that the defendants' actions were insufficient and further stated that the defendants had threatened the plaintiffs with a gun.

After a non-jury trial, on September 23, 1993, the District Court found sufficient facts to justify intervention under equity and to allow for a rescission of the two contracts. The court

3

ordered the defendants to reimburse the plaintiffs for principal and interest paid pursuant to the Contracts for Deed and to pay to the plaintiffs interest on these amounts. The District Court ordered that the amount of the judgment was limited to what was recovered at the sale of the subject parcels and a deficiency judgment after the sale would not be entered. The District Court further ordered the plaintiffs and the defendants to be responsible for their own attorney fees and costs.

The defendants appeal the District Court's rescission of the contracts; and its effective denial of the contracts' foreclosure. The plaintiffs cross-appeal the District Court's limitation of the judgment's execution; and its denial of an award to the plaintiffs of attorney fees, costs, and exemplary damages.

**Standard of Review**

Our standard of review is set forth in Y A Bar Livestock Company v. Harkness (Mont. 1994), 887 P.2d 1211, 1213, 51 St.Rep. 1517, 1519, as follows:

> This Court reviews the findings of a trial court sitting without a jury to determine if the court's findings are clearly erroneous. Rule 52(a), M.R.Civ.P. A district court's findings are clearly erroneous if they are not supported by substantial credible evidence, if the trial court has misapprehended the effect of the evidence, or if a review of the record leaves this Court with the definite and firm conviction that a mistake has been committed. Interstate Prod. Credit Ass'n v. DeSaye (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287.

**Issue I**

Did the District Court err in granting rescission of the contracts?

Section 28-2-1711, MCA, provides when a party may rescind a

4

contract:

A party to a contract may rescind the same in the following cases only:

(1) if the consent of the party rescinding or of any party jointly contracting with him was given by mistake or obtained through duress, menace, fraud, or undue influence exercised by or with the connivance of the party as to whom he rescinds or of any other party to the contract jointly interested with such party;
(2) if, through the fault of the party as to whom he rescinds, the consideration for his obligation fails in whole or in part;
(3) if such consideration becomes entirely void from any cause;
(4) if such consideration, before it is rendered to him, fails in a material respect from any cause; or
(5) if all the other parties consent.

The District Court found that both the defendants and the plaintiffs were to satisfactorily perform the requirements of the contracts and concluded that the principles of equity should be applied. The District Court found:

9. The ranch land purchased by Plaintiffs is some of the most beautiful, undiscovered land left in Montana. It is apparent that the land was advertised as, and Plaintiffs intended to use the land as vacation, recreation and retirement property. The covenants which attach to Plaintiffs' Contracts for Deed anticipate greater development of the area for single family residences and recreational use. It is clear from observing the parties' demeanor at the hearings and from their unwillingness to resolve their differences, that it would be almost impossible for Plaintiffs to enjoy their vacation property with Defendants as neighbors. Defendants have made clear [their] desire to use every available means to avoid providing Plaintiffs with the recreational opportunity they were purchasing. Any expectation of enjoyable recreational use of the property has been destroyed.

10. The consideration for Plaintiffs' investment has substantially failed as a result of Defendants' acts or omissions. It would be inequitable to require them to continue with the purchase. Rescission is justified.

The defendants rely on Polich Trading Co. v. Billings Hudson

5

Terraplane Co. (1943), 114 Mont. 446, 450, 137 P.2d 661, 663, where we noted "the right to rescind is dependent, among other things, on the freedom from fault of the party seeking rescission."

The defendants claimed the plaintiffs' fault was evident in the District Court's Findings of Fact:

> 11. Plaintiffs' hands are not entirely clean. They have occupied the property for in excess [of] ten years, which occupation has value. They have used the property and not left it clean and in the same position it was previously. They have, at least for a substantial period of time, made little, if any effort to accommodate Defendants' needs. The [P]laintiffs accepted the property with the use covenants, including the change provisions, as a part of their contract, even though they did not analyze what such provisions meant. Plaintiffs bought the property knowing it to be subject to prior liens. Defendants' entire property, including Plaintiffs' two parcels, has been mortgaged extensively. Plaintiffs were at all times aware that Defendants needed payments from them in order to protect their entire Canyon Shadows Ranch from foreclosure.

The defendants contend that, under Polich Trading Co., the plaintiffs were not without fault and therefore the contracts cannot be rescinded.

Furthermore, the defendants argue they fulfilled their obligations under the prior court order. These obligations included adequately improving the road to the plaintiffs' property; containing their livestock on their own property; and, suspending all logging and further subdivision of their property. The defendants argue that they should not be penalized by a rescission based upon the failure of the plaintiffs' enjoyment of their property when the defendants had attempted to fully comply with the order of the court.

The plaintiffs contend that substantial evidence was presented

6

at trial to support the District Court's rescission of the contract. The plaintiffs further argue that the District Court specifically found rescission was the appropriate remedy and this Court should not disturb that ruling.

The District Court found the defendants had made clear their desire to use every available means to avoid providing the plaintiffs with the recreational opportunity they were purchasing, and as a result any expectation of enjoyable recreational use had been destroyed. The court further found the consideration for the plaintiffs' investment had substantially failed as a result of the defendants' acts; and it would be inequitable to require the plaintiffs to complete the purchase; and that rescission, therefore, is justified.

A court can grant complete relief to a party under its powers of equity. Cate v. Hargrave (1984), 209 Mont. 265, 274, 680 P.2d 952, 957. Rescission is an equitable remedy. O'Keefe v. Routledge (1940), 110 Mont. 138, 146, 103 P.2d 307, 310.

We conclude that the District Court's findings are not clearly erroneous and that such findings are supported by substantial credible evidence and the District Court did not misapprehend the effect of such evidence.

In regard to the defendants' claim that the plaintiffs were also at fault, the general rescission rule set forth in § 28-2-1711, MCA, provides that a party may rescind "if, through the fault of the party as to whom he rescinds, the consideration for his obligation fails in whole or in part . . . ." The defendants

7

argue that under Polich Trading Co., 137 P.2d at 663, this Court stated the general rule for rescission where a contract failed only in part was that the party seeking rescission must be free from fault. More specifically, in Polich Trading Co., we held that "the plaintiff cannot make his own neglect the basis of an action for rescission." Polich Trading Co., 137 P.2d at 663.

It is true that the District Court here found there had been a substantial, but not complete failure of consideration so the contracts had failed only in part. While it is true that the District Court found the plaintiffs' hands not entirely clean, it was the defendants' acts or omissions which the court found to be the basis for the rescission. As a result, the holding in Polich Trading Co. is not controlling.

We hold the District Court did not err in granting rescission of the contracts.

**Issue II**

Did the District Court err in not granting the contracts' foreclosure in favor of the defendants?

The defendants contend they had the right to foreclosure under the contracts because the plaintiffs stopped payments. The defendants claim they satisfied all of the prerequisites for foreclosure under Farm Credit Bank of Spokane v. Hill (1993), 266 Mont. 258, 264, 879 P.2d 1158, 1161. As a result, the defendants contend they were entitled to foreclosure as a matter of law.

The plaintiffs stopped making payments to the defendants in August of 1991 and initiated this action for rescission in October,

8

1991. The default notices from the defendants were given to the plaintiffs in July 1992 and granted the plaintiffs thirty days to bring the contract payments up to date.

We agree with the District Court that, in accordance with our holding in Moschelle v. Hulse (1980), 190 Mont. 532, 622 P.2d 155, the plaintiffs preserved their right to seek rescission even though they chose not to bring the contract payments up to date. They were awarded the rescission and could not be considered in default. As a result, we affirm the conclusions of the District Court that there was no basis for foreclosure.

The District Court did not err in not granting the contracts' foreclosure in favor of the defendants.

### Issue III

Did the District Court err in restricting the judgment lien and limiting execution of the Judgment rendered to the subject land only and allowing no deficiency judgment?

The District Court concluded as a matter of law that the lien on real estate owned by the Judgment debtors is to be limited to the two lots in question. Additionally, the court concluded "[t]he right to have execution on and recover the amounts owed pursuant to this judgment is limited to sale on execution of the [two lots described in the contract], and a deficiency judgment after said sale shall not be entered."

The plaintiffs argue that matters of judgment liens and executions are creatures of statute and well-defined by the legislature; and that, absent any statutory authority, the District

Court cannot restrict the judgment lien and execution thereunder.

The defendants correctly point out that the court in this case was operating as a court of equity and not as a court of law. Our statutes provide:

> **28-2-1716. Power of court to require party rescinding to do equity.** On adjudging the rescission of a contract, the court may require the party to whom such relief is granted to make any compensation or restoration to the other which justice may require.

Substantial evidence was produced to support the District Court's finding that neither party was innocent of provoking the other. Therefore, in its discretion, the court concluded, "to do equity, Plaintiffs' remedy must be limited." The court found that, to provide the plaintiffs with a greater remedy, they would be placed in a better position than they were in to begin with because they received some, though not all, of the value for which they bargained. We conclude that the court's findings are not clearly erroneous and are supported by substantial credible evidence and that the trial court did not misapprehend the effect of the evidence.

We hold the District Court did not err in restricting the judgment lien and limiting execution of the Judgment rendered to the subject land only and allowing no deficiency judgment.

## Issue IV

Did the District Court err in not awarding attorney fees and costs to the plaintiffs?

The Contracts for Deed provided herein stated the following:

ATTORNEYS FEES AND COSTS AND EXPENSES. In the event of legal action to construe or enforce the provisions of

10

this Contract, the prevailing party shall be entitled to collect his reasonable Attorney fee, Court Costs and related expenses from the losing party and the Court having jurisdiction of the dispute shall be authorized to determine the amount of such fees, costs and expenses and enter Judgment therefor. Costs for preparation of this Agreement shall be borne equally by the parties.

The District Court concluded, "although Judgment is for Plaintiffs, their remedy is limited by equity. Neither party can be said to be the prevailing party. Therefore, each party should pay their own attorney fees, costs and expenses."

The plaintiffs argue, as they did above, their judgment was incorrectly limited; and so, they were in fact the prevailing party. Furthermore, there was no substantial evidence to show that they were not the prevailing party. Therefore, the plaintiffs conclude they should have received compensation for attorney fees and costs pursuant to the terms of the contracts.

The defendants contend the plaintiffs should not be awarded attorney fees and costs because they did not receive 100% of their prayer and could not be considered the prevailing party. The defendants refer to Wise v. Sebena (1991), 248 Mont. 32, 808 P.2d 494, where we stated "[i]n cases 'where both parties gain a victory but also suffer a loss,' neither party prevails. Lauderdale v. Grauman (1986), 223 Mont. 357, 359, 725 P.2d 1199, 1200 (quoting Parcel v. Myers (1984), 214 Mont. 220, 224, 697 P.2d 89, 91-92)."

Additionally, the defendants refer to the contracts' provision upon which the plaintiffs base their claim for attorney fees. The provision begins, "[i]n the event of legal actions to construe or enforce the provisions of this contract . . . ." The defendants

11

emphasize that the thrust of the plaintiffs' complaint was not to construe or to enforce the terms of the contracts but to rescind the contracts. Therefore, the contracts' terms do not apply.

Finally, the defendants argue, and we agree, the issue of attorney fees is a matter of discretion for the District Court. We have recognized a district court's general equity powers to make an injured party whole. We will not overturn an award for attorney fees absent a showing of abuse of discretion. Martin v. Randond (1981), 191 Mont. 266, 623 P.2d 959. Substantial evidence was provided to support the District Court's conclusion and the District Court did not abuse its discretion when it determined no party prevailed.

We hold the District Court did not err in not awarding attorney fees and costs to the plaintiffs.

### Issue V

Did the District Court err in not awarding exemplary damages?

The defendants argue that the District Court was correct when it did not award exemplary damages because the court was operating under the rules of equity and was fashioning a remedy in equity and the plaintiffs neither had clean hands nor were they the prevailing party.

The plaintiffs alleged fraud as a basis for the rescission of the contracts. They argue the District Court's findings satisfy the elements of actual fraud and the court should have awarded punitive damages.

The District Court did not find that the plaintiffs had proved

12

all the elements of fraud. The court further determined that under principles of equity, the parties were to be restored to status quo which in turn required reasonable restoration to prior positions.

We conclude the record contains substantial evidence to support the findings and conclusions of the District Court and the District Court did not misapprehended the evidence, nor did it incorrectly apply the principles of equity. We hold the District Court properly denied exemplary damages.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

13

Justice Terry N. Trieweiler specially concurring in part and dissenting in part.

I concur with that part of the majority opinion which affirms rescission of the parties' contract and the denial of the counterclaim for foreclosure. I also concur with the majority's conclusion that there was substantial evidence to support the District Court's denial of exemplary damages to the plaintiff.

I dissent from that part of the majority opinion which holds that the District Court can limit the effect of plaintiffs' judgment lien and limit plaintiffs' rights to execution contrary to the liens and procedures which are provided for by statute. While the District Court may have acted within its equitable authority when it decided whether to allow rescission of the parties' contract, the damages which it awarded were a legal remedy, and the methods of enforcing the judgment for those damages are provided for at law. The district court is not free to ignore statutory law for the enforcement of judgments based on some omnipotent notion of equitable power.

Section 28-2-1716, MCA, which is relied on by the majority, is not applicable to the issue raised by the plaintiffs. While, the plain language of that provision does allow the district court to require the party in whose favor rescission is granted to make compensation to the other party, the compensation anticipated relates to that which would be necessary to restore the property to its original condition. Section 28-2-1716, MCA, says nothing about

14

suspending the statutory law regarding liens and execution in support of a judgment.

The effect of a judgment on the property of the judgment debtor is set forth by statute at § 25-9-301(2), MCA, which provides:

> From the time the judgment is docketed, it becomes a lien upon all real property of the judgment debtor not exempt from execution in the county, owned by the judgment debtor at the time or which the judgment debtor may afterward acquire until the lien ceases. Except as provided in subsection (3), the lien continues for 6 years unless the judgment is previously satisfied.

(Emphasis added.)

Likewise, § 25-13-501, MCA, specifically provides the extent to which a judgment debtor's property is subject to execution to enforce a judgment. It provides in part that:

> All goods, chattels, monies, and other property, both real and personal, or any interest therein of the judgment debtor, not exempt by law . . . are liable to execution.

Section 25-13-608, MCA, sets forth that property which is exempt from execution. Nowhere does it provide for expansion of the list by judicial decree under cloak of equitable authority.

If the District Court had found that plaintiffs were not entitled to a return of the full amount of their contract payments, or if the District Court had found that defendants were entitled to compensation as a condition to rescission, it could have so provided. However, having entered judgment for plaintiffs in the full amount of their contract payments, the District Court was without authority to ignore Montana's statutory law regarding the

15

effect of a judgment and its statutory procedures for execution in support of a judgment.

Furthermore, I conclude that, based on the relief sought and the relief granted, plaintiffs were the prevailing parties in this case, and therefore, were entitled to an award of attorney fees and costs pursuant to the provision in their contract for deed which provided that "the prevailing party shall be entitled to collect his reasonable Attorney fee, Court Costs, and related expenses from the losing party . . . ." (Emphasis added.)

This clearly was an action to construe the contract. Before the court could award rescission pursuant to § 28-2-1711(2), MCA, it had to find that the plaintiffs' consideration for entering the contract failed in whole or in part. Furthermore, where the language in the contract provides that the district court "shall" award attorney fees and costs to the prevailing party, there is no room for discretion. The district court's only function is to enforce the plain language of the contract.

The fact that plaintiffs were the prevailing party in this dispute is apparent from our decision in *Schmidt v. Colonial Terrace Associates* (1985), 215 Mont. 62, 68-70, 694 P.2d 1340, 1344-45, where we held that when multiple claims are involved, the party who prevails on the main issue is entitled to costs. The same rule applies to attorney fees. In this case, plaintiffs sought rescission, compensatory damages, and punitive damages. They were awarded rescission and compensatory damages. The defendants denied that plaintiffs were entitled to rescission and sought to foreclose

16

pursuant to their contract for deed. Defendants' counterclaim for foreclosure was rejected by the District Court, and on appeal by this Court. It is clear that plaintiffs prevailed on the main issues in controversy and are entitled to their attorney fees and costs pursuant to the plain language of their contract with the defendants.

For these reasons, I dissent from the majority's resolution of Issues III and IV.

_____
Justice

17

August 25, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Gregory W. Duncan, Esq. & John P. Poston, Esq.
Harrison, Loendorf & Poston, P.C.
2225 Eleventh Ave., Ste. 21
Helena, MT 59601

Jon A. Oldenburg, Esq.
Attorney at Law
505 W. Main St., Ste. 309
Lewistown, MT 59457-2654


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _J. Gallagher_
Deputy